## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENCOMPASS INDEMNITY | ) | |
| COMPANY | ) | |
| | ) | |
| Plaintiff | ) | CIVIL DOCKET NO: 2:14-CV-02364- |
| | ) | HGB-JCW |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD JOSEPH O'BRIEN AND | ) | |
| LINDA RAWLS O'BRIEN | ) | JUDGE BERRIGAN |
| | ) | |
| Defendant | ) | MAGISTRATE JUDGE WILKINSON |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), OR ALTERNATIVELY, MOTION TO ABSTAIN AND DISMISS DECLARATORY ACTION

Defendants, Edward Joseph ("Dr. O'Brien") O'Brien and Linda Rawls O'Brien ("Mrs. O'Brien") (collectively the "O'Briens") submit this Memorandum In Support Of Motion To Dismiss Pursuant To Rule 12(b)(1), Or Alternatively, Motion To Abstain And Dismiss Declaratory Action.[1] The O'Briens also submit this memorandum in response to the Court's request [Doc. #10], and state as follows:

## I.      INTRODUCTION

This Court should dismiss this declaratory action for two reasons: (1) Encompass has not demonstrated that the requisite amount in controversy exists for the Court to have subject-matter jurisdiction, and (2) even assuming the Court has jurisdiction, abstention is warranted under the *Brillhart/Wilton* doctrine. Encompass has not made a sufficient showing that the amount in

---

[1] The O'Briens have yet to be properly served. Therefore, to the extent the Court finds that it has jurisdiction over this matter or that it should not abstain, the O'Briens retain the right to object to service.

1

controversy requirement is met. Nevertheless, even assuming the Court has jurisdiction, it should abstain from hearing this declaratory judgment action because a parallel state court action is pending. Under the *Brillhart/Wilton* doctrine, federal courts abstain from hearing declaratory judgment actions when a parallel state court proceeding exists. Unlike other abstention doctrines, *Brillhardt/Wilton* does not require extraordinary circumstances to justify abstention. Instead, when deciding whether to abstain, courts consider fairness, efficiency, and the proper allocation of decision-making between state and federal courts. Even if the Court has diversity jurisdiction (which it does not), the *Brillhart/Wilton* considerations weigh in favor of abstention in this case.

## II.    FACTS AND PROCEDURAL HISTORY

On November 1, 2013, Patrick Simmons ("Simmons") was a guest at the O'Briens' bed and breakfast operated as the "Terrell House." Simmons claims he was injured by a piece of wood that fell off a wall. Simmons then made a claim against the O'Briens and Encompass Indemnity Company ("Encompass") under the O'Briens' USP Elite-Package policy (the "Encompass Policy"). On February 25, 2014, Encompass sent the O'Briens a reservation of rights letter asserting that based on the facts of the loss and its interpretation of the policy, the policy did not cover the loss and that it was reserving its right to deny coverage. See *Exhibit A.* After being informed by O'Briens' counsel that the stated coverage exclusions did not apply, Encompass' counsel sent the O'Briens' counsel a letter on June 25, 2014 reiterating its position that no coverage existed and that it may file a declaratory action or "hold off and wait to see whether [Simmons] files suit against the O'Briens and, if so, what venue the suit is filed in." *See Exhibit B.*

Despite asserting that no coverage exists, Encompass, on September 26, 2014,[2] asked Simmons' counsel for a settlement demand. On October 8, 2014, Simmons' counsel complied with Encompass's request and sent a settlement demand. See *Exhibit C.* Although it solicited the settlement demand, Encompass has never responded to Simmons' October 8, 2014 demand.[3] Instead of submitting a counter offer, Encompass raced to federal court and filed this declaratory judgment action on October 15, 2014, a mere two weeks before Simmons' deadline to file suit.

On October 17, 2014, Encompass purported to serve both Dr. O'Brien and Mrs. O'Brien, with process via certified mail.[4]

On October 30, 2014, Simmons filed his Petition for Damages against the O'Brien Terrell House, LLC[5] and Encompass Indemnity Company in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2014 10530, Div. L (the "State Court Action"). *Simmons' Petition For Damages is attached as Exhibit D.* Simmons alleges that he was injured while at the Terrell House and seeks an unspecified amount of damages.[6]

---

[2] In the October 8, 2014 letter, Simmons' counsel stated; "This letter is in response to your September 26, 2014 request for medical records and a settlement demand." *See Exhibit C.*

[3] To date, Encompass still has not responded to Simmons' demand. Thus, the obvious conclusion is that Encompass solicited a settlement demand from Simmons solely as a subterfuge to obtain the usually high initial demand as a basis for the jurisdictional amount needed to assert diversity jurisdiction.

[4] Shannon Lynch ("Ms. Lynch"), the cook for the Terrell House, signed the receipt for the certified letter to Mrs. O'Brien. However, the receipt for the certified letter to Dr. O'Brien was never signed. Ms. Lynch is not a resident of the Terrell House, nor is she an agent authorized to accept process on behalf of either of the O'Brien Defendants.

[5] O'Brien Terrell House, LLC is registered to do business in Louisiana and is doing business as the Terrell House.

[6] In the October 8, 2014 letter to Encompass, Simmons' counsel states that the medical specials are $8,379.64. Besides recovery for such medical costs, Simmons' $100,000 demand also seeks compensation for unspecified "pain, mental anguish, his ruined wedding and honeymoon, and his lost wages."

{N2927828.1}

On November 3, 2014, Mrs. O'Brien, as registered agent for the O'Brien Terrell House, LLC, was personally served with process in the State Court Action. On December 1, 2014, Encompass filed a motion for extension to file a responsive pleading, and thus the O'Briens will assume that Encompass has been served with process in the State Court Action.

Encompass also filed its Supplemental and Amending Complaint for Declaratory Relief (the "Amended Complaint") [Doc. # 9] on October 30, 2014 seeking to add Simmons and his wife Laura Stipanowhich ("Stipanowhich") as additional defendants to this declaratory action. On October 31, 2014, Encompass purports to have served both of the O'Briens with the Amended Complaint by certified mail. *Exhibit C.* On or about December 1, 2014, Simmons was served by certified mail, but Encompass moved to dismiss Stipanowhich on December 2, 2014. To date, Encompass has not filed any Proof of Service on the docket in this action.

Also on October 30, 2014 the Court entered an Order [Doc. # 10] requiring the parties to submit memoranda directed to the issue of whether the Court should exercise its discretion to entertain this declaratory action. On November 13, 2014, the O'Briens filed their *Ex Parte* Consent Motion For Extension Of Time To Answer [Doc. #13], which was granted by the Court, thus extending the O'Briens' time to file a responsive pleading until December 4 [Doc. #14]. On November 25, Encompass submitted its Memorandum in response to the Court's October 30 Order [Doc. #15], at which time counsel for the O'Briens first learned of the Court's Order. The following day, the Court entered a Consent Order [Doc. # 18] extending the O'Briens' deadline to respond to until December 4, 2014. To date, no other responsive pleadings have been filed in this action nor have any discovery requests been made by any party.

### III.   LAW AND ARGUMENT

#### A.   Encompass Has Not Demonstrated That The Court Has Subject-Matter Jurisdiction Under 28 U.S.C. § 1332.

This case should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Although Encompass argues that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332, it has not demonstrated that the requisite amount in controversy exceeding $75,000 is satisfied. Simmons did not include an amount of damages in his State Court Action. Thus, Encompass relies on Simmons' October 8, 2014 settlement demand to support the amount in controversy requirement. "It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, if the inquiry be made by the court of its own motion, to support the allegation." *Arena v. WTI Transport, Inc., et al.*, Civil Action No. 14-1676, 2 (E.D.La. Nov. 21, 2014) (quoting, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn 10 (1938) (citing, *McNutt v General Motors Corp.,* 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronatics Board,* 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  Encompass has not made a particularized showing in satisfaction of its burden here, and thus the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332.

Although Simmons has made a settlement demand for $100,000 in damages, he has only submitted medical records and bills for $8,379.64. *Exhibit C.* Besides recovery for the medical expenses, Simmons' $100,000 settlement demand also seeks compensation or unspecified "pain, mental anguish, his ruined wedding and honeymoon, and his lost wages." However, the medical records submitted with the October 8, 2014 demand letter show only that Simmons suffered an

injury to the muscles of his neck and shoulder and sought only limited treatment.[7] According to those records, Simmons first sought medical help on December 2, 2013[8], a month post-accident. His last exam or treatment was on June 11, 2014, at which time he was "discharged" with a "fair prognosis."[9]

The records show that that Simmons was complaining of neck pain and headaches.[10] As a brain MRI, neck MRI, NVC/EMG, and XRays disclosed no objective reasons for his complaints, Simmons' treating physician opined that his complaints were "muscular," rather than caused by joint, facet, or disc problems. [11]While, Mr. Simmons did receive trigger point injections into his shoulder/neck muscles,[12] at no time has surgery has been recommended. Additionally, the medical records do not indicate any job restrictions. *See Exhibit E*

So, the only medical records upon which Encompass can rely for meeting the requisite jurisdictional amount show that Simmons was complaining of neck pain and headaches[13] of a

---

[7] See *Exhibit E : Simmons' Medical Records In Globo.*

[8] Simmons' first medical treatment post-accident was on December 2, 2013, when he was examined by Dr. Saddler. In addition to neck pain, he also sought treatment for chronic heartburn, See Exhibit E, p. 4. Notably, Dr. Saddler's physical exam disclosed that Simmons, despite his subjective complaints of neck pain, had a normal range of motion in his neck. Exhibit E, p. 5

[9] The medical records do not show any type of medical treatment or examination after April 2014, except for one visit to the physical therapist on June 11, 2014. At that time, Simmons was discharged from care. His physical therapist noted that Simmons "exhibits a fair prognosis at time of discharge from skilled rehabilitative therapy in conjunction with a home exercise program. *Exhibit E, p. 60*

[10] See *Exhibit E*, p. 31, 38.

[11] See *Exhibit E*, p. 25, 27.

[12] The trigger point injections took place on April 28, 2014. See Exhibit E, p. 27.

[13] The medical records disclose that Mr. Simmons had a pre accident history of headaches. See *Exhibit E*, p. 68

{N2927828.1}

"muscular etiology.[14]" Those records show that the diagnostic tests, while making up a large portion of Simmons' medical expenses, were all negative.[15] Those same records show treatment from December 2, 2013[16] to June 11, 2014[17], or six months of treatment. Those records disclose no recommendation or need for surgery. Those records show no job or employment restrictions. Those records simply do not support any reasonable conclusion that the jurisdictional amount has been met.

Any amount over this $8,379.64 is purely speculative and does not demonstrate that the amount in controversy is met. *Arena*, Civil Action No. 14-1676 at p. 3. Furthermore, in *Arena*, this Court rejected the argument that settlement letters provided sufficient proof that the amount in controversy requirement had been satisfied. This Court explained, "[s]ettlement letters are evidence to be considered, but were they determinative, the parties could effectively consent to subject-matter jurisdiction where it is lacking. Absent some proof supporting the jurisdictional amount, federal jurisdiction would be based, at best, on speculation or consent, neither of which is allowed." *Arena*, Civil Action No. 14-1676 at p. 3.  While Encompass can point to $8,379.64 in medical expenses incurred by Simmons, the medical records it received at the time it filed this declaratory judgment action show a muscle injury in the neck/shoulder region which injury was treated for only six months post-accident, at which time he was discharged from treatment with a "fair prognosis." The medical records simply do not show any treatment or care after June 11, 2014 or even if his injury or symptoms lasting any period of time after June 11, 2014. These

---

[14] See *Exhibit E*, p. 25, 27

[15] See *Exhibit E*, p. 25, 25, 38, 67, 68, 88.

[16] See *Exhibit E*, p. 5.

[17] See *Exhibit E*, p. 60.

records clearly do not satisfy Encompass' burden to demonstrate that the Court has subject-matter jurisdiction.

> **3.      Even Assuming That The Court Has Jurisdiction, It Should Abstain From Entertaining This Declaratory Action.**

The Court should abstain from entertaining this declaratory action because of the pending State Court Action in which all of the matters in controversy can be fully litigated. "It is well settled . . . that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in [the] public interest." *Great American Ins. Co. v. The Cumberland Investment Group, LLC, et al.*, 2013 WL 5755641, *2 (E.D. La. Oct. 23, 2013) (quoting Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2759; *see also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 604 (5th Cir. 1983)).

The *Brillhart/Wilton* abstention doctrine arises from the unique nature of the Declaratory Judgment Act. This Act "confers discretion on the courts rather than the absolute right on the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Thus, as an exception to the rule that federal courts have an unflagging obligation to exercise jurisdiction, declaratory judgment actions require courts to abstain when "the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).

In determining whether to entertain this declaratory action under the applicable *Brillhart/Wilton* standard, the Court should "consider whether the claims of all parties in interest can satisfactorily be adjudicated in a pending state court proceeding." *Great American Ins.*, 2013 WL 5755641 at *2 (citing *Wilton*, 515 U.S. at 283). Three considerations undergird the decision to abstain: the proper allocation of decision-making between state and federal courts, fairness, and efficiency. *Great American Ins. Co. v. Baumer Foods, Inc.*, 2012 WL 1230831 (citing,

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir. 2003)); *Axis Ins. Co. v. Turner Ind. Group*, 2014 WL 3796425, *2 (E.D. La. July 31, 2014). The Fifth Circuit has given seven factors, none of which is determinative, that more specifically guide the analysis:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether the possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exists;
>
> (5) whether the federal court is a convenient forum for the parties and the witnesses;
>
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered before the court before whom the parallel state suit between the same parties is pending.

*E.g., Great American Ins.*, 2013 WL 5755641 at *2 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)). Applying these factors to this case demonstrates that abstention is appropriate.

The first factor, which is weighted more heavily than the others, concerns both efficiency and comity. *Great American Ins.,* 2013 WL 5755641 at *2-*3; *Burlington Ins. Co. v. Brushy Creek Timber Co., Inc.*, 2014 WL 1882473, *2 (S.D. Miss. 2014) (citing *Canopius Ins. Inc. v. Arbor Experts, LLC*, 965 F.Supp.2d 777, 782 (S.D. Miss. 2013)). As the Fifth Circuit has advised, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the

case and the federal court should exercise its discretion to dismiss the federal suit." *Baumer Foods,* 2012 WL 1230831 at *2; *Axis*, 2014 WL 3796425 at *2 (quoting *Sherwin-Williams*, 343 F.3d at 390-91).  Here, Encompass concedes that state law will govern the coverage dispute.

Moreover, there are parallel actions involving the same parties in both state and federal court. The issue here is whether Encompass has a duty to indemnify and defend, whereas part of the issue in state court is whether the O'Brien Terrell House is at fault for Simmons' alleged injury. Although these issues are not identical, they are "closely related as they arise from the same event and allegations of negligence" by Simmons. This was the issue in *Baumer Foods* when this Court found that the declaratory action "would be more properly addressed by the state court." *Baumer Foods,* 2012 WL 1230831 at *2. *Gemini Ins. Co. v. Turner Industries Group, LLC,* 2014 WL 3530475,*3 (E.D.La. July 16, 2014) ("Under *Trejo*, though, the cases do not seem to need to be completely parallel for the first factor; however, the pending state actions do need to allow for 'all of the matters in controversy' to 'be fully litigated.'") (Quoting, *Trejo*, 39 F.3d at 590).

Nevertheless, Simmons has named Encompass as a defendant in the State Court Action. As this Court has explained, "[u]nder Louisiana law, 'a plaintiff suing under the direct action statute must prove the existence of the policy and coverage under that policy.'" *Colony Ins. Co. v. Wayne's World Tubing*, 2007 WL 4547498, *3 (E.D. La. Dec. 18, 2007) (quoting *Chisley v. Coleman*, 2007 WL 4246115 at *1 (La.App. 2 Cir. 2007)). Moreover, "[t]he Louisiana Code of Civil Procedure provides for the filing of a petition for declaratory judgment in Articles 1871-1883." *Wayne's World Tubing*, 2007 WL 4547498 at *3. Thus, Encompass has "ample opportunity to present any coverage defenses in a 'consolidated' state court case through a state declaratory judgment action." *Id.* In other words, the state court can provide complete relief here.

Encompass contends that this Court should exercise jurisdiction because the State Court Action is in "its infancy," but this argument misses the mark. The length of litigation is not a relevant factor here. For example, in *National Cas. Co. v. Tom's Welding, Inc.*, 2012 WL 2064451 (E.D.La. June 7, 2012), the court dismissed the federal declaratory judgment action where the state court action had not even been filed yet, and was only threatened.

Moreover, Encompass completely ignores the fact that this suit is in its infancy as well. In the instant action, service of process has not been perfected against the O'Briens, and thus they are not even properly before the Court. Further, Encompass mistakenly states that "no parties have been served" in the State Court Action. This is not true. Mrs. O'Brien, as registered agent for Terrell House, LLC, was personally served with process on November 3. Moreover, it appears that Encompass was served with process after it submitted its briefing on this matter based on a motion for extension of time in which to file responsive pleading that it submitted in the State Court Action on December 1.

Encompass relies on a series on non-binding cases[18] to support its position regarding the first factor. However, Encompass' reliance on these cases is misplaced. For example, Encompass cites *Markel*, *Cawley* and *Zurich* for the proposition that the Court should exercise jurisdiction over the coverage dispute despite the pendency of the State Court Action. Yet, in *Markel* the underlying tort action had been removed to federal court and the case did not even address abstention. *Markel*, 566 F. Supp.2d at 1375-79.  While there were competing state and federal jurisdictional concerns in *Cawley*, the standard to resolve those concerns in the Third Circuit is not the same as the Fifth Circuit standard, and thus the case is distinguishable. *Cawley*, 866 F.

---

[18] *Markel Intern. Ins. Co. v. O'Quinn*, 566 F.Supp.2d 1374, 1379 (S.D.Ga. July 2, 2008); *Great American E & S Ins. Co. v. John P. Cawley, Ltd.*, 866 F.Supp.2d 437 (E.D. Pa. June 3, 2011); *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970).

Supp.2d at 439. *Zurich* is also distinguishable because the insurer had not been named as a defendant in the underlying state court action, but Encompass is a named defendant in Simmons' State Court Action. *Zurich*, 422 F.2d at 589.

The State Court Action raises intertwined issues between the same parties. The fact that Simmons filed his State Court Action after Encompass filed this action has no bearing on this first factor. *See National Builders and Contractors Ins. Co. v. Dossett*, 2011 WL 2414706, *3 (S.D. Miss. 2011); *Tom's Welding, Inc.*, 2012 WL 2064451 at *5-*6. The first factor, therefore, weighs in favor of abstention.

The second, third and fourth factors address fairness or whether the federal declaratory judgment action is an unfair litigation tactic. The second factor weighs in favor of abstention because Encompass clearly filed this suit in anticipation of litigation in an attempt to obtain a federal forum. Despite denying coverage months earlier, Encompass, on September 26, 2014, asked Simmons counsel for a settlement demand. On October 8, 2014, Simmons' attorney sent Encompass a settlement demand. Encompass has never responded to Simmons' settlement demand. Instead, Encompass solicited this settlement demand as a subterfuge to obtain a federal forum. A mere seven (7) days after receiving the October 8, 2014 letter, Encompass filed this suit in an effort to obtain the forum of its choice. The second factor clearly weighs in favor of abstention.

Here, the third factor is neutral. Although "declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums," *Allstate Ins. Co. v. Yates*, 2011 WL 2414706, *3 (S.D. Miss. 2011), courts have held that merely beating the declaratory defendant to the courthouse does not constitute impermissible forum shopping. *See Sherwin-*

*Williams Co.*, 343 F.3d at 390-91. Because the first factor is weighted, this neutral factor cannot overcome the first factor. *Burlington Ins. Co.*, 2014 WL 1882473 at \*3.

The fourth factor weighs in favor of abstention. Again, Encompass filed this declaratory action a mere seven (7) days after Simmons' demand letter, which was expressly solicited by Encompass after it denied coverage and threatened a federal declaratory action. In *Tom's Welding*, the court found a five (5) day span between denial of coverage and filing a declaratory action weighed in favor of abstention on the fourth factor. *Tom's Welding,* 2012 WL 2064451 at \*6. The *Tom's Welding* court explained "given the extremely short period of time between the denial of coverage and filing of this declaratory judgment action, the fourth factor suggests that possible inequities may exist in allowing plaintiffs to gain precedence in time and to choose the forum." *Id.* (citing, see *Aries Marine Corp. v Lolly*, No. 05-1883, 2006 WL 681184, at \*3 (W.D. La. Mar. 16, 2006) (Melancon, Jr.) (citing *Time, Inc. v Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Peteet v Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989)).

The fifth and sixth factors address judicial efficiency concerns. The fifth factor is neutral, in that the federal court and state court are equally convenient to the parties and the witnesses. The sixth factor, however, weighs in favor of abstention. The federal and state court actions would be duplicative and would create the potential for inconsistent state and federal judgment. While Encompass characterizes the issues in the state and federal actions differently, in fact Encompass is a named defendant in the state court action and can assert any coverage-related defense in that action. *Wayne's World Tubing*, 2007 WL 4547498 at \*3-\*4. The state court is in a better position to adjudicate more complete relief, because all relevant parties are joined. "Were the Court to retain this coverage dispute, the coverage issues would be litigated in both state and federal courts, which would not serve judicial economy. This factor favors abstention."

*Burlington Ins. Co.*, 2014 WL 1882473 at *3. This is especially true because Simmons has asserted a direct action against Encompass, and thus he will have to prove the existence and coverage of the policy. *Wayne's World Tubing*, 2007 WL 4547498 at *3-*4.

Finally, the seventh factor is factually inapplicable and therefore has no weight. *Burlington Ins. Co.*, 2014 WL 1882473 at *3. In whole, giving proper weight to the first factor, the factors favor abstention. The Court should exercise its discretion and decline to hear this declaratory judgment action and dismiss the suit with prejudice.

## IV.   <u>CONCLUSION</u>

Encompass has not met its burden to show that the amount in controversy is met, and thus the Court does not have subject-matter jurisdiction under 28 U.S.C. §1332. Even assuming, however, that the Court does have jurisdiction, it should abstain from adjudication. The *Brillhart/Willton* doctrine, while relatively obscure, is nonetheless quite simple. Congress gave federal courts the right to decline jurisdiction in declaratory judgment actions, and when a state law issue raised in a federal declaratory judgment action can be better addressed in a pending state court action, federal courts should abstain. This case meets that criteria perfectly. Accordingly, the Court should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively dismiss the action pursuant to *Brillhart/Wilton*.

Respectfully submitted,

 */s/ David K. Theard*
ROBERT WALSH (La Bar No. 17850)
DAVID K. THEARD (La. Bar. No. 31987)
Jones Walker LLP
201 St. Charles Avenue – 51st Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8598
Facsimile: (504) 589-8598
dtheard@joneswalker.com
rwalsh@joneswalker.com

*Attorney for Defendants, Edward Joseph*
*O'Brien and Linda Rawls O'Brien*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ David K. Theard* _____

{N2927828.1}