UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENCOMPASS INDEMNITY COMPANY | CIVIL ACTION |
| VERSUS | NO. 14-2364 |
| EDWARD JOSEPH O'BRIEN, ET AL | SECTION "C"(2) |

ORDER AND REASONS

This matter comes before the Court on the issue whether the Court should exercise its discretion to entertain this declaratory action, motion to dismiss pursuant to Rule 12(b)(1), or alternatively, motion to abstain and dismiss declaratory action filed by defendants Edward Joseph O'Brien and Linda Rawls O'Brien ("O'Briens"), and motion to dismiss or alternatively, motion to abstain filed by defendant Patrick Simmons ("Simmons"). The plaintiff, Encompass Indemnity Company ("Encompass") supports the exercise of jurisdiction and opposes the motions. Having considered the record, the memoranda of counsel, and the law, the Court determines that dismissal is appropriate for the following reasons.

According to the complaint for declaratory action, Patrick Simmons and Laura Stipanowich Simmons ("the Simmones") were allegedly injured on November 1, 2013, while customers at the O'Brien Terrell House, a bed and breakfast allegedly owned by

1

O'Brien Terrell, LLC. and/or the O'Briens on Magazine Street in New Orleans. Encompass seeks a declaration that it does not owe defense or indemnity to the O'Briens under the policy it has issued to the O'Briens for any claim brought by the Simmons for injuries allegedly sustained in the November 2013 accident. The complaint was filed against the O'Briens on October 15, 2014, after Encompass had received a letter dated October 8, 2014, from counsel representing the Simmonses setting forth their claims and containing a settlement offer of $100,000.00. Encompass added the Simmonses as defendants in a supplemental and amending complaint filed on October 30, 2014. Rec. Doc. 9. Encompass subsequently moved to dismiss Laura Stipanowich Simmons as a defendant in this suit after Patrick Simmons ("Simmons") alone filed suit against Encompass and O'Brien Terrell House, LLC in state court on October 30, 2014. Rec. Docs. 19, 25.

There is no dispute that prior to filing this complaint, the Simmonses pursued claims for the alleged damages. Encompass asked counsel for the Simmonses for a settlement demand in September 2014, which produced a demand letter dated October 8, 2014, containing a $100,000 settlement demand. Rec. Docs. 23-4 at 1. According to the letter, Simmons complained of cervical pain, headaches, numbness in his fingers and pain in his shoulders. Rec. Doc. 15-1 at 2. He received injections for the pain and suffered mental anguish, lost wages and planned on seeking the help of a mental health professional. *Id.* He incurred medical expenses in the amount of $8,379.64. *Id.* The

2

O'Briens argue that the jurisdictional minimum did not exist at the time of the federal filing because the relevant medical records showed treatment limited to an approximate six month period with a discharge and a "fair prognosis." Rec. Doc. 23-1 at 6.

**Discretion**

The parties appear to agree as to the law that applies in determining whether the Court should exercise its discretion to entertain this declaratory action. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, courts have discretion to decline jurisdiction. This discretion "is broad," but "not unfettered." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)). For example:

> in the declaratory judgment context, the Supreme Court instructs that district courts are vested with greater discretion in determining whether to stay or dismiss the declaratory judgment suit in light of a pending state proceeding, observing that "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."

*U.S. Fire Ins. Co. v. Hous. Auth. of New Orleans*, 917 F. Supp. 2d 581, 587 (E.D. La. 2013) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).

In considering whether to dismiss a declaratory judgment action, the relevant, nonexclusive factors as identified in *Trejo* include:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy;
> and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590-91. In *Sherwin-Williams Co. v. Holmes County*, 343 F. 3d 383, 390-92 (5th Cir. 2003), the court distilled these seven *Trejo* factors into three broader categories: (1) federalism and comity (*Trejo* factor numbers one and seven), (2) fairness (*Trejo* factors numbers two through four), and (3) efficiency (*Trejo* factor numbers five and six). *Sherwin-Williams*, 343 F. 3d at 390-392.

**Federalism and Comity**

Here, there is a pending state action in which all issues can be resolved, including the issue of coverage as determined by Louisiana state law. "Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). "Each circuit's test emphasizes that if the federal declaratory judgment

action raises only issues of state law and a state case involving the same state law issues is pending, generally, the state court should decide the case and the federal court should exercise its discretion to dismiss the suit." *Sherwin-Williams*, 343 F.3d at 390–91. Encompass contends that this factor weighs against abstention because the state court litigation, though related, is not parallel because it presents additional issues and is in its infancy. Rec. Doc. 15. at 4–9. Under *Trejo*, though, the cases do not need to be completely parallel for the first factor; however, the pending state action does need to allow for "all of the matters in controversy" to "be fully litigated." *Trejo*, 39 F.3d at 590.

Encompass also relies on two district court cases and a Seventh Circuit case in which a declaration of coverage were made despite the pendency of state court litigation. Rec. Doc. 15 at 6–9 ; Rec. Doc. 29 at 5–9. Not only are none of the cases binding, but this Court finds that any support those cases may arguably lend is greatly reduced by the fact that Encompass is named as a direct defendant in the Louisiana state court suit. Rec. Doc. 15 at 8; Rec. Doc. 29 at 6–7. Rec. Doc. 23-1 at 11–12.

The Court finds that the first *Trejo* factor weighs heavily in favor of dismissal. The parties agree that state law generally governs insurance law. What Encompass seeks is a matter concerning the construction of an insurance policy and to determine the extent of coverage, the state court will necessarily have to consider the issue of coverage. For practical purposes, this action and the state court litigation were filed simultaneously.

5

Encompass argues that the seventh *Trejo* factor relating to federalism and comity seven weighs in favor of retaining this declaratory action because no orders or decrees have been issued in the state litigation. Rec. Doc. 15 at 12. The defendants argue that this factor is irrelevant, and the Court agrees. Rec. Doc. 23 at 14; Rec. Doc. 27 at 9. This Court is not being "called on to construe a state judicial decree." *Trejo*, 39 F.3d at 591.

Therefore, the Court finds that federal and comity considerations weigh in favor of dismissal.

**Fairness**

There is no real issue in this case that this federal declaratory action was filed in anticipation of a lawsuit to be filed in state court by the defendants for purposes of the second *Trejo* factor pertaining to fairness. Encompass argues instead that its anticipatory filing is not improper forum shopping for purposes of the third *Trejo* factor, relying on the Fifth Circuit's pronouncement that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams,* 343 F.3d at 391; Rec. Doc. 15 at 9–11. Whether or not there is impropriety in anticipatory filing and forum shopping, Encompass still filed in anticipation of the state suit and forum shopped.

6

Encompass also argues that there is no inequity for purposes of the precedence it seeks in federal court for purposes of the fourth *Trejo* factor because the federal court can afford an early determination of coverage. However, Encompass does not identify an impediment to the same early determination of coverage from the state court.

Again, this case and the pending state court litigation were filed nearly simultaneously. Under these circumstances, the Court finds that the three fairness factors weigh in favor of dismissal.

**Efficiency**

Encompass argues that the federal court is a convenient one for purposes of the convenience of the parties and witnesses under the fifth *Trejo* factor, without acknowledgement that causing parties and witnesses to litigate in two fora is a species of inconvenience as argued by Simmons. Rec. Doc. 15 at 11; Rec. Doc. 27-1 at 9.

With regard to efficiency factor presented in the sixth *Trejo* factor, Encompass argues that the issue of coverage can be determined on motion in federal court without consideration of additional issues presented in the state court litigation without identifying the impediment to expediting the coverage issue in state court. Rec. Doc. 15 at 11–12. There is no dispute that the issue presented in this declaratory action are included in the state litigation. Courts should seek to avoid duplicative litigation. *Sherwin-Williams Co.*, 343 F.3d at 391.

The Court finds that the efficiency factors weigh in favor of dismissal.

**Jurisdictional minimum**

Finally, the Court notes that the evidence provided presents a questionable issue as to whether or not the jurisdictional minimum exists for purposes of diversity jurisdiction. Although consideration of the *Trejo* factors alone support dismissal, the additional consideration of this distinct issue lends further support against the discretionary exercise ofm jurisdiction over this declaratory action. For purposes of the state court litigation, nothing in this ruling should be construed as a determination whether the minimum jurisdictional amount exists or not.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by defendants Edward Joseph O'Brien and Linda Rawls O'Brien and motion to dismiss filed by defendant Patrick Simmons are GRANTED insofar as the Court determines not to exercise jurisdiction over this declaratory action. Rec. Docs. 23, 27.

New Orleans, Louisiana this 23rd day of February, 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE